BURRIS v. CARROLL ELECTRIC COOPERATIVE CORPORATION.

4-9729                                              247 S. W. 2d 490

Opinion delivered March 31, 1952.

F. O. Butt and M. D. Anglin, for appellant.

J. E. Simpson, for appellee.

GRIFFIN SMITH, Chief Justice.   Billy Henry, the eleven-year-old son of W. N. Burris, was injured when

---

he came into contact with transmission wires of Carroll Electric Coöperative Corporation. The father asked $5,000 to compensate his loss of anticipated services during the son's minority, and $40,000 for the boy's benefit covering enumerated items. The appeal is from a judgment sustaining the defendant's demurrer to the complaint.

The corporation operates in Madison and other Northwest Arkansas counties and in a part of Missouri. It maintains approximately 3,000 miles of lines. The primary circuit in the area where Billy Henry was injured carried 7,100 volts of electromotive force conveyed by wires on poles.

On September 23, 1950, a primary line extended into premises occupied by W. N. Burris. Seemingly the Burris home had at one time been connected for service. This ordinarily involves construction of a takeoff or secondary line (two to three wires) leading from the primary supply to the place of consumption. Since the complaint alleges that service was not being supplied to Burris' home ''or to any patron of the corporation,'' the conclusion is that the injury occurred on the primary line or on a tapline carrying 7,100 volts.

The complaint further alleges in effect that these highly energized wires were dangerous *per se,* a fact known to the defendant, and that the poles constituted nuisance of a kind calculated to attract children and persons unacquainted with electricity. Young Burris, says the complaint, having a right to be on the premises occupied by the poles and traversed by the lines, yielded to the urge or challenge to climb one of the poles, and in doing so touched the wires. He was badly burned, knocked to the ground, and sustained serious and permanent injuries.

A supporting allegation is that in the near vicinity there was a public school. As a part of the athletic diversion engaged in on or near the school grounds poles were climbed by the pupils. This amusement, the plaintiff says, was known to the defendant company or should

have been; hence, in view of these circumstances, the corporation was negligent "in erecting and leaving the said poles, with dangerous wires thereto attached, upon said premises, and in failing to disconnect the wires from the main line of defendant in actual service." It is also asserted that the corporation was negligent in failing to protect the wires "from possibility of being contacted by immature and unenlightened persons."

Attorneys for appellants emphasize their belief in sufficiency of the complaint by pointing to allegations that the wires were not protected; that this "stray and unused feeder line" was not disconnected, and that the corporation with access to facts from which knowledge of the danger could have been ascertained failed to exercise the care enjoined upon it by law.

We agree with the trial court that a cause of action was not stated under the attractive nuisance doctrine, relied upon by appellants, or otherwise. Our latest case is *Garrett* v. *Arkansas Power & Light Co.*, 218 Ark. 575, 237 S. W. 895. One distinction in principle between that case and this one is that Garrett was a licensee, while here young Burris was on his father's premises as a matter of rights. But it is not alleged that in building the power and light line the corporation was a trespasser, hence it must be presumed that its use of the premises was lawful. A procedural difference is that in Garrett's case facts were developed and the court then gave an instructed verdict. This was on the ground—sustained on appeal—that there was no substantial evidence upon which negligence could be predicated when all of the testimony was considered. In the instant case we determine whether appropriate proof of any of the principal charges would have constituted actionable negligence, but treat the allegations as true.

There is nothing in the complaint to show how high the poles were in relation to the wiring, no claim that the defendant had left cleats or other aids in climbing; neither is there a suggestion that at the place where the injury occurred other construction or appurtenances,

such as a platform or configuration calculated to attract children, had been left.

We must therefore assume that the pole was of an approved type, standard for high voltage lines, and that the defendant's asserted negligence consisted of its failure to deënergize the line when customer-demand ceased. So the question for determination is whether a high-voltage line properly constructed, extending to a point beyond which the company had active patrons or customers, constituted such a foreseeable hazard to the safety of children as to make the defendant liable upon a jury's finding that the conduct complained of constituted negligence. It is true that the complaint asserts that the corporation wrongfully left the ''live'' wires in place when, as it is contended, they should have been disconnected. But these allegations are conclusions based upon facts the demurrer admits.

Appellants do not cite any case where the attractive nuisance doctrine has gone as far as it would be carried if we should reverse this case, while on the other hand what was said in *Garrett* v. *Arkansas Power & Light Company* is in many respects applicable.

Affirmed.

ED. F. McFADDIN, Justice (Dissenting). I maintain that the complaint stated a cause of action that was good against a demurrer: because the complaint stated (1) that the defendant was negligent, and (2) that the plaintiff was injured because of such negligence. These points I desire to discuss.

*I. The Complaint Stated That The Defendant Was Negligent.* Here are two of the allegations in the complaint: (a) ''. . . that the defendant was negligent in erecting and leaving the said poles, with dangerous wires thereto attached upon said premises, and susceptible to be entered upon and climbed by persons ignorant of the danger incident thereto, and particularly by immature children.'' (b) ''. . . that the defendant was negligent, after erecting and equipping the said pole with said wires, in failing to disconnect the current in said wires

298

from the main line of defendant in actual service, and in failing to protect the said wires on said pole from the possibility of being contacted by immature, infant and unenlightened persons." Certainly these allegations alleged the defendant's negligence.

II. *The Complaint Alleged That The Plaintiff Was Injured Because Of The Defendant's Negligence.* Here is the allegation in the complaint:

"That the injury . . . herein described was and is solely due to the negligence of defendant and the proximate cause thereof."

It is my understanding that in order for a complaint to be sufficient on demurrer, the plaintiff need only allege the defendant's negligence and the plaintiff's injury therefrom. Certainly the complaint in the case at bar contained such allegations.

The defendant could have required the plaintiff to make the complaint more definite and certain, if the defendant so desired; but instead, the defendant filed a demurrer. The Court should have treated the demurrer as a motion to make more definite and certain, but instead, the trial court sustained the demurrer to the complaint. Therein, I think, was the error. Courts should allow a plaintiff to introduce his evidence to a jury when the complaint alleges the negligence of the defendant and the plaintiff's injury thereby. Instead, this Court is now allowing the lawyers' arguments in the brief to take the place of evidence. Thus this Court is forever precluding a plaintiff from recovering on a cause of action which, though not alleged in every detail, was sufficiently alleged to constitute a cause of action.